IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EMORY LAWRENCE ALEXANDER, § <br> (TDCJ No. 01977356), § <br>     Plaintiff, § <br> v. § <br> § <br> EVELYN CASTRO, Senior Warden, § <br> TDCJ-McConnell Unit, et al., § <br> § <br>     Defendants. § | CIVIL ACTION NO. 4:20-cv-1298-O |

**OPINION and ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(B) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Emory Lawrence Alexander's ("Alexander") case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Having reviewed the complaint, the Court finds that this action must be **DISMISSED** under authority of these provisions.

**I.     BACKGROUND**

Plaintiff Alexander, an inmate at the TDCJ McConnell Unit in Beeville, Texas, initiated this civil case by the filing of a typed complaint. Compl. 1-6, ECF No.1. In that document, which is the operative pleading before the Court, Alexander listed three defendants in both an individual and official capacity: TDCJ-McConnell Unit Senior Warden Evelyn Castro; Wise County District Clerk Tracie Pippin; and Wise County District Attorney Gregory Preston Lowery. Compl. 2, ECF No. 1. As to these defendants, Alexander asserts that each has held him in a constructive bailment or peonage/debt bondage in violation of 42 U.S.C. § 1994 and 42 U.S.C. § 1988. *Id.* More particularly, in a "Legal Claims" section of his complaint, Alexander writes:

> The Texas Constitution Art. 1, Sec. 18, Imprisonment for Debt Prohibits the PLAINTIFF being placed in prison for liquidation of a debt and so does 42 U.S.C. 1994. The PLAINTIFF is being held in constructive bailment by trustee Evelyn

1

> Castro. The PLAINTIFF, Emory Lawrence Alexander is held in constructive bailment as a surety being forced to provide services as a surety to Emory Lawrence Alexander a cesti que trust created without PLAINTIFF'S knowledge or consent.DEFENDANT Gregory Preston Lowery District Attorney Wise County, is liable for indirectly holding PLAINTIFF in peonage constructive bailment as a trustee by failure to take action regarding adjustment of the account and discharge of PLAINTIFF'S suretyship obligation . . . DEFENDANT Tracie Pippen is liable for holding PLAINTIFF indirectly in peonage constructive bailment.

Compl. 3, ECF No. 1. Alexander seeks as relief an "equitable accounting and equitable subrogation . . . [and] common law remedies pursuant to unjust enrichment 'Non-Assumpsit' and all remedies of common law and equity pursuant to 42 U.S.C. § 1988, 1994. Plaintiff requests the Court hold DEFENDANTS liable in Public capacities for 'DECLARATORY RELIEF ONLY.'" *Id*. at 6.

## II. LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Alexander is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Alexander is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in

fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id*.

### III. ANALYSIS – Claims Denied as Frivolous

A review of Alexander's complaint shows that it is nonsensical and without merit. More particularly, another court in this district, confronting claims by another inmate at the TDCJ-McConnell Unit that he was entitled to "elect the remedies provided for under '42 U.S.C. § 1994 peonage 42 U.S.C. § 1998," recently held such claims to be "frivolous and without merit." *Williams v. Castro*, No. 3:20-cv-1853-G(BT), 2021 WL 1944447, at *2 (N.D. Tex. May 7, 2021), *rep. and rec. adopted*, 2021 WL 1947603 (N.D. Tex. May 14, 2021). For the same reasons, this Court concludes that Alexander's claims in this suit are legally frivolous.

### IV. CONCLUSION

It is therefore **ORDERED** that all Plaintiff's claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **10th day** of **June, 2021.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE